Scott T. Lashway (admitted *pro hac vice*)
*slashway@mintz.com*
Mara A. O'Malley (admitted *pro hac vice*)
*momalley@mintz.com*
Mitchell J. Clough (admitted *pro hac vice*)
*mjclough@mintz.com*
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
Telephone: 617.542.6000
Facsimile: 617.542.2241

Marc H. Axelbaum (SBN: 209855)
*maxelbaum@mintz.com*
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
44 Montgomery Street, 36th Floor
San Francisco, California 94104
Telephone: 415.432.6000
Facsimile: 415.432.6001

*Attorneys for Defendant*
*PubMatic, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KIRSTIE SEMIEN, MICHAEL SELBY, GILBERT GAW, LOGAN MITCHELL, and JANE DOE, individually and on behalf of all other persons similarly situated,

Plaintiffs,

v.

PUBMATIC, INC.,

Defendant.

Case No. 3:25-cv-03164-SI

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PUBMATIC, INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT**

Date: October 10, 2025
Time: 10:00 a.m.
Courtroom: 11
Judge: Hon. Susan Illston

Complaint filed: April 8, 2025
Trial date: not yet set

In support of Defendant PubMatic, Inc.'s concurrently filed Motion to Dismiss Class Action Complaint, and pursuant to the incorporation-by-reference doctrine and Federal Rule of Evidence 201(b), PubMatic respectfully requests that the Court take judicial notice of the following documents, which are attached as Exhibits A through F to the accompanying Declaration of Scott T. Lashway.

| Ex. | Document |
|---|---|
| **A** | Mindbloom Privacy Policy, *https://www.mindbloom.com/privacy-policy* |
| **B** | Sign-Up Page, *https://welcome.mindbloom.com/* |
| **C** | SB 690 Analysis, Sen. Comm. on Pub. Safety, 2025-2026 Reg. Sess. (Cal. Mar. 24, 2025), available at *https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id =202520 260SB690#* |
| **D** | Sen. Bill No. 690, 2025-2026 Reg. Sess. (Cal. Mar. 24, 2025), available at *https://leginfo.legislature.ca.gov/faces/billPdf.xhtml?bill_id=202520260SB690&version=20250SB69096AMD* |
| **E** | AB 929 Analysis, Assembly Committee on Privacy & Consumer Protection (Cal. Apr. 21, 2015), available at *http://www.leginfo.ca.gov/pub/15-16/bill/asm/ab_0901-0950/ab_929_cfa_20150417_173122_asm_comm.html* |
| **F** | AB 929 Analysis, Senate Committee on Public Safety (Cal. June 4, 2015), available at *https://spsf.senate.ca.gov/sites/spsf.senate.ca.gov/files/ab_929.pdf* |

To the extent that Plaintiffs seek to rely on any other version of these documents, including any historical version, PubMatic respectfully reserves the right to address whether the Court may take judicial notice of any such document.

## LEGAL STANDARD

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a district court may consider documents incorporated into the complaint by reference or subject to judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Federal Rule of Evidence 201 permits the Court to take judicial notice of an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). Proper subjects of judicial notice on a motion to dismiss include legislative documents and publicly accessible websites, including

terms of service and privacy policies that are published on websites. *See Hamilton v. Juul Labs, Inc.*, 2020 WL 5500377, at *1 n.2 (N.D. Cal. Sept. 11, 2020) (taking judicial notice of legislative history of California Senate Bill); *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 189–90 (N.D. Cal. 2019) (granting judicial notice of publicly available websites, including privacy disclosures).

Additionally, the Court may take judicial notice of documents incorporated into the complaint by reference. Under that doctrine, documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading," are subject to judicial notice -- even if the complaint does not explicitly cite them. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citations omitted); *Khoja*, 899 F.3d at 1002 (acknowledging that, in some cases, documents may "form[] the basis of the plaintiff's claim" even "if the complaint does not mention the document at all"); *Mai v. Supercell Oy*, 648 F. Supp. 3d 1130, 1138 n.3 (N.D. Cal. 2023) (considering Terms of Service, even though not explicitly referenced in complaint, because Terms of Service governed use of games upon which claims were based), *vacated on other grounds*, 2024 WL 2077500 (9th Cir. May 9, 2024).

## ARGUMENT

**Exhibit A.** The Court should consider Exhibit A when ruling on PubMatic's Motion to Dismiss. As set forth in PubMatic's Motion, Plaintiff Jane Doe consented to the alleged conduct (the collection and disclosure of certain user information) about which she now complains. Her consent defeats many of her claims. Although Doe alleges that she "was unaware" of the alleged activities, (Compl. ¶ 261, ECF No. 1), her allegation is contradicted by publicly available facts not subject to reasonable dispute, including Mindbloom's Privacy Policy (Exhibit A). That policy is judicially noticeable as it is found on a publicly available website. *See, e.g., In re Google Location Hist. Litig.*, 428 F. Supp. 3d at 189–90 (granting defendant's request for judicial notice of publicly available websites in CIPA and California Constitution invasion of privacy class action). Courts in the Ninth Circuit regularly take judicial notice of terms and privacy policies of websites. *See, e.g., Libman v. Apple, Inc.*, 2024 WL 4314791, at *5 (N.D. Cal. Sep. 26, 2024) (taking judicial notice of Apple's privacy policies because they "are available on public websites"); *Wallster, Inc.*

*v. Redbubble, Inc.*, 2022 WL 17371051, at *1 n.1 (C.D. Cal. Oct. 21, 2022) (granting judicial notice of publicly available policies); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025, 1028–29 (N.D. Cal. 2014) (judicially noticing Yahoo's Terms of Service and Privacy Policy "because they are aspects of a publicly accessible website").

Further, the privacy policy forms the basis for Doe's claims because her "characterizations of the website [] feature form the basis of her lawsuit." *See Jones v. Tonal Sys., Inc.*, 2024 WL 4357558, at *2–3 (S.D. Cal. Sept. 30, 2024) (internal quotation marks omitted) (granting request for judicial notice of four printouts of publicly available website pages because plaintiff's "characterizations of the website [] feature form the basis of her lawsuit"). Doe alleges that she was "unaware" and "did not provide her prior consent" to the complained-of activities, and accordingly PubMatic violated several privacy laws and committed common law torts. (*See* Compl. ¶¶ 261–62.) The disclosure reflected in Exhibit A thus is integral to Doe's claims and is incorporated by reference into the Complaint -- even if PubMatic's Privacy Policy is not explicitly cited. *See Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1053 (N.D. Cal. 2025) (allowing judicial notice of "policies publicly available on that Website including [defendant's] Privacy Policy, [defendant's] Cookies Settings, [defendant's] Website Cookies Banner and related screens, as well as screens showing the account creation and purchase process" where complaint "relies on highly selective portions of the Website" and collecting cases where privacy policies were judicially noticed in privacy class actions).

**Exhibit B.** Exhibit B is a screenshot of the sign-up page that users encounter when they attempt to make a purchase on *Mindbloom.com*. Doe alleges that she was "unaware" and "did not provide her prior consent" to the complained-of activities, (*see* Compl. ¶¶ 261–62), but the screenshot demonstrates that Doe was on notice of Mindbloom's Privacy Policy when she previously made a purchase on Mindbloom. As part of a publicly available website, the Court may take judicial notice of the screenshot. *Bd. of Trs. of Leland Stanford Junior Univ. v. Cty. of Santa Clara*, 2019 WL 5087593, at *4 (N.D. Cal. Oct. 10, 2019) (taking judicial notice of screenshot from publicly available website). The sign-up window also "forms the basis [of] Plaintiffs' claim[s]" because their claims "each relate to whether [website operators] disclosed its collection

practices and whether Plaintiffs consented to those collection practices." *Libman*, 2024 WL 4314791, at *4 (taking judicial notice of Apple app welcome screens); *see Lakes*, 777 F. Supp. 3d at 1053 (taking judicial notice of "screens showing the account creation and purchase process" to determine what disclosures users were presented with in putative privacy class action).

**Exhibits C–F.** Exhibits C through F are legislative materials concerning California Senate Bill 690 (2025) and California Assembly Bill 929 (2015), including legislative reports and committee analyses. Senate Bill 690 is the bill passed unanimously by the California Senate and currently pending before the California Assembly to amend CIPA to preclude claims like Plaintiffs' here. Assembly Bill 929 is the legislation enacting the provisions of CIPA relating to pen registers and trap and trace devices, on which Plaintiffs base Count III of their Complaint. Courts may "take judicial notice of legislative bills," *Watson v. Crumbl LLC*, 736 F. Supp. 3d 827, 838 (E.D. Cal. 2024), and "state legislative reports," *California v. Infineon Techs. AG*, 531 F. Supp. 2d 1124, 1172 (N.D. Cal. 2007); *see Hamilton*, 2020 WL 5500377, at *1 n.2 (taking judicial notice of legislative history of California Senate Bill). The Court may also take judicial notice of Exhibits C through F because they are "matters of public record," *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006), and are "undisputed and publicly available information displayed on government websites," *Castaneda v. Ardagh Glass Inc.*, 2024 WL 589088, at *1 (N.D. Cal. Feb. 13, 2024) (taking judicial notice of material on federal agency's website); *see also Kanter-Doud v. Wells Fargo Bank, N.A.*, 2024 WL 382325, at *4 (E.D. Cal. Feb. 1, 2024) (taking judicial notice of legislative materials available on the California Legislative Information website).

## CONCLUSION

For the foregoing reasons, the Court should consider Exhibits A through F in ruling on PubMatic's motion to dismiss.

Dated: August 15, 2025

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

By: */s/ Scott T. Lashway*

Scott T. Lashway
(admitted *pro hac vice*)
Marc H. Axelbaum
Mara A. O'Malley
(admitted *pro hac vice*)
Mitchell J. Clough
(admitted *pro hac vice*)

*Attorneys for Defendant PubMatic, Inc.*