UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GILBERT GAW, et al.,

          Plaintiffs,

    v.

PUBMATIC INC.,

          Defendant.

Case No.  25-cv-03164-SI

**ORDER RE DISCOVERY DISPUTE**

Re: Dkt. No. 57

The parties have filed a joint discovery dispute.  Dkt. No. 57.  Plaintiffs request that the Court order defendants to identify what data it has deleted since this action was filed, produce discovery regarding all websites and applications that employ its technologies, and produce non-public documents and data related to its internal database structures and data products.  *Id.* at 1.  Plaintiffs also request an additional 30(b)(6) deposition regarding defendant's database architecture.  *Id.* at 2.  Defendant objects to plaintiffs' requests as overbroad and premature.  *Id.* at 3-5.  As discussed below, the Court GRANTS in part and DENIES in part plaintiffs' requests.

**Data Preservation:**  Plaintiffs request that PubMatic identify what data it has deleted since this action was filed.  Defendant argues that plaintiffs are demanding that PubMatic "retain all data in perpetuity (something it otherwise does not do)."  Defendant maintains that it has already provided plaintiff a detailed letter explaining its retention abilities.  The Court ORDERS defendant to disclose to plaintiffs what data has been deleted since the action was filed, to the extent defendant has not already done so.

**Additional Rule 30(b)(6) Deposition:**  Plaintiffs request an additional 30(b)(6) deposition

United States District Court
Northern District of California

regarding defendants' database architecture because of "a significant information deficit as to how data is collected, moved, and sold" by PubMatic. Defendant responds that it is considering plaintiff's request and working to narrow the dispute. The Court GRANTS plaintiff's request for an additional 30(b)(6) deposition regarding defendant's database architecture.

**Scope of Discovery:** Plaintiffs argue that defendant improperly seeks to limit the scope of discovery to the four exemplar websites detailed in the operative complaint. Plaintiffs contend that defendant should be compelled to produce discovery related to *all* websites and applications where its technologies collect data, since plaintiffs' complaint alleges widespread tracking (Dkt. No. 34). PubMatic contends that, because plaintiffs allege that they each visited one website where PubMatic's technologies were operating, discovery should be limited to those websites. Further, PubMatic contends that the dispute is premature because PubMatic has agreed to produce documents to show the websites and applications where PubMatic's technologies have been installed.

The Court GRANTS in part and DENIES in part plaintiffs' request. PubMatic states that it has agreed to produce documents to show all the websites where PubMatic's technologies have been installed. The Court concludes that discovery should be limited to data PubMatic collected as to named plaintiffs at those sites. The Court ORDERS PubMatic to produce such documents by **July 28, 2026**.

**Non-Public & "Server-Side" Technologies Documentation:** Plaintiffs contend that defendant has only produced public documentation related to its "client-side" technologies, which collect information from plaintiffs, but has not produced any nonpublic information or any documentation related to its "server-side" technologies, which build and disseminate profiles on users. PubMatic argues that it has agreed to produce nonpublic documentation, including (1) to show data elements PubMatic's customers may make available to PubMatic through PubMatic's website technologies; (2) concerning PubMatic's policies and procedures; and (3) sufficient to show the websites and applications on which PubMatic's technologies have been installed. Further, PubMatic argues that it has also agreed to produce documentation relevant to its "server-side"

technologies (1) sufficient to show the structure of PubMatic's server-side services and (2) sufficient to show how PubMatic stores data elements.

Plaintiffs' request does not adequately explain why the documentation PubMatic has agreed to produce is insufficient.  The Court ORDERS PubMatic to produce the aforementioned categories of non-public and server-side documentation by **July 28, 2026.**

**IT IS SO ORDERED**.

Dated:  July 14, 2026

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

3